**Daniel Boone HYMES, Petitioner,**

v.

**Fred R. DICKSON, Walter E. Denbar, Herman K. Spector, Respondents.**

No. 41765.

United States District Court
N. D. California, S. D.

Aug. 6, 1964.

Daniel Boone Hymes, in pro. per.

WOLLENBERG, District Judge.

Daniel Boone Hymes, a prisoner in the California State Prison, San Quentin, California, has petitioned this court to enjoin prison officials from "taking Prison disciplinary action against him without reasonable or probable cause."

He alleges specifically that Mr. Herman K. Spector, a prison official, threatened on May 17, 1964 to initiate disciplinary action against him if he did not agree to dismiss a civil action currently pending in this Court. The record herein discloses that Mr. Spector did indeed initiate a disciplinary proceeding against the petitioner, said proceeding being held within the prison on May 26, 1964.

It is the conclusion of this Court that it would not be appropriate at the present time for it to grant the relief requested. First, since the action allegedly threatened by Mr. Spector has already been carried out, the immediate matter is moot. Second, so far as pos-

sibly illegal disciplinary actions in the present or future are concerned, petitioner has a remedy available in the state courts to correct his custodial conditions. See In re Ferguson, 55 Cal.2d 663, 12 Cal. Rptr. 753, 361 P.2d 417 (1961).

▇▇▇ If prison officials do in fact threaten or discipline petitioner in an attempt to coerce him to dismiss his civil action or in any other way interfere with his reasonable access to this Court, and the state courts do not provide an adequate remedy, then petitioner may return to this Court for relief. In particular, if prison officials persist in their prosecutions for "perjury" in legal documents submitted to this Court under the guise that such actions are merely part of the "ordinary internal management and discipline of the prison and present no federal question" this Court could and would enjoin such action. As the Attorney General concedes, where it is a question of due process, the federal courts have the power to control or supervise state prison regulations or practices. It has never been questioned that part of due process is to guarantee reasonable access to the courts. Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, 636.

▇▇▇ Insofar as the aforementioned disciplinary proceeding of May 26, 1964 was based on statements contained in the various legal documents filed with this Court the prison officials were unreasonably interfering with the petitioner's right to seek a federal legal remedy. Prison officials are of course not precluded from taking action against inmates who verbally or in writing wilfully and falsely castigate and impugn their character and actions.[1] However, they are intruding upon the prerogatives of this Court when they punish for "false statements or perjury" in legal documents submitted to this Court. In-

mates should not have to answer for their allegations to the very people against whom their allegations are directed. To permit such a procedure would be to make a mockery of the inmates' right to petition this Court.

---

[1] This Court has no intention of reweighing the evidence against the petitioner at the disciplinary proceeding in regard to matters which were not contained in his communications to this Court. However, it might be noted that the petitioner's letter to the Warden of May 10, 1964 was respectfully written and carefully worded. The petitioner specifically qualified his charge with the statement that "Whether what I've been told about Mr. Spector is true or not I have no way of knowing."